FILED IN MY OFFICE
DISTRICT COURT CLERK
12/4/2012 3:41:36 PM
STEPHEN T. PACHECO
jc

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

BERNARD F. RAYMOND,

    Plaintiff,

vs.                                      No. D-101-CV-2012-03417

NEW MEXICO PUBLIC EDUCATION
DEPARTMENT; and HANNA SKANDERA,
individually and in her capacity as its
Secretary-Designate; and the New Mexico STATE
PERSONNEL OFFICE, and EUGENE MOSER,
individually and in his official capacity as State Personnel
Office Director.

    Defendants.

## NOTICE OF APPEAL AND
## COMPLAINT FOR RETALIATORY DISCHARGE,
## BREACH OF EMPLOYMENT CONTRACT AND DEPRIVATION OF CIVIL RIGHTS

    COMES NOW the Plaintiff, by and through his counsel, LAW OFFICES OF E. JUSTIN PENNINGTON, and for his Complaint against Defendants states:

1.     This action is brought to secure the protection and to redress the deprivation of rights secured by the New Mexico Human Rights Act, NMSA 28-1-1, et seq., (hereinafter referred to as "HRA"), the New Mexico Whistle Blower Protection Act, NMSA §10-16C-1, et seq. (hereinafter the "WBPA"), the State Personnel Act, NMSA §10-9-1, et seq., (hereinafter the "SPA"), 42 USC§ 1983; the Fourteenth Amendment to the Constitution of the United States, and pursuant to the common law of the State of New Mexico. The jurisdiction of this Court is invoked to secure injunctive, compensatory, and other relief against employment discrimination and retaliation, the deprivation of property and liberty without due process, and for damages as allowed by the common law.

1

**EXHIBIT A**

PARTIES AND JURISDICTION.

2. Plaintiff Bernard Raymond ("Raymond"), at all times material hereto, was an employee of and employed by Defendant New Mexico Public Education Department (hereinafter ("PED") within the meaning of NMSA §28-1-2(E), and was a public employee within the meaning of NMSA §10-16C-2(A).

3. Defendant PED is a department or agency of the State of New Mexico. Defendant Hanna Skandera is the Secretary-Designate of Defendant PED, having been so nominated, and is responsible for the overall operations of Defendant PED. Skandera is sued in her official and individual capacities.

4. At all times material hereto, Defendant PED was an employer within the meaning of the HRA and a public employer within the meaning of the WBPA, and as such, is subject to the jurisdiction of this Court.

5. Defendant State Personnel Office ("SPO") is an agency of the State of New Mexico charged with the supervision of all administrative and technical personnel activities of the State of New Mexico as allowed by the State Personnel Act, NMSA §§ 10-9-1, et seq. Defendant Eugene Moser is the duly appointed Director of the Defendant SPO and is responsible for the overall operation of the State Personnel Office. Defendant Moser is also the statutory Secretary to the State Personnel Board. Moser is sued in his official and individual capacities.

6. Defendants PED and SPO maintain offices in Santa Fe County, New Mexico, making venue in this Court proper pursuant to §38-3-1 NMSA 1978 (1991 Repl.).

7. The court has jurisdiction over the parties and subject matter hereto pursuant to NMSA §28-1-13, NMSA §10-16C-4(A), and Article VI, §13 of the Constitution of the State of New

Mexico. Venue is proper pursuant to NMSA §28-1-13.

## FACTUAL ALLEGATIONS

8.  In 2006 Bernard was employed by PED as its Human Resources Manager. As part of his duties, Bernard received, investigated, and proposed management response to complaints of discrimination, retaliation, and other improper employee conduct within PED.

9.  Pursuant to the aforesaid duties, Bernard received and investigated a charge of sexual harassment made by a PED employee against a high ranking official within PED management. When Bernard determined that the high ranking official had acted inappropriately and recommended that PED take disciplinary action, he was investigated and removed from his position as Human Resource Manager.

10. Thereafter, Bernard made and litigated a charge of retaliation and discrimination against PED pursuant to the HRA. Said charge alleged that Bernard was removed from his position as Human Resource Manager because of his opposition to discrimination within PED management. His lawsuit and all claims arising from his removal as Human Resource Manager were settled, discharged and dismissed in May 2011.

11. By making and litigating his charge of retaliation and discrimination and thereafter filing a lawsuit to enforce his rights under the HRA, Bernard opposed an unlawful discriminatory act and filed a complaint and participated in proceedings under the HRA. Further, Bernard communicated to a third party information about an action or a failure to act that he believed in good faith constituted an unlawful or improper act; provided information to, and testified before a public body as part of an investigation, hearing or inquiry into the unlawful or

3

improper act; and objected to and refused to participate in an activity, policy or practice that constituted an unlawful or improper act.

12. The New Mexico State Personnel Board, pursuant to statutory duty to adopt regulations providing a system of personnel administration for employees of the State of New Mexico, has adopted rules governing a reduction in force, i.e., the layoff of employees due to the deletion of positions, shortage of work or funds, or other similar reasons not related to employee performance or conduct.

13. Among other things, the rules adopted by the Board require that when an agency contemplates a reduction in force it must submit a written lay off plan for approval by the State Personnel Board and afford all employees within the organizational unit affected by the layoff certain rights, including but not limited to a right of first refusal to all available positions within PED, restricted competition for all such available positions, career employee preference over non-career employee incumbents and applicants, and lay off based on agency seniority.

14. Once an agency such as PED contemplates a reduction in force, Defendant State Personnel Office, under the supervision of its Director, provides technical and administrative assistance to the agency and participates in the formulation of the plan by which a reduction in force may proceed.

14. In addition the SPA provides individual employees such as Bernard, certain substantive and procedural rights on termination of employment, including but not limited to written notice of intent to terminate and the reasons therefor, and a reasonable opportunity to respond to the articulated basis for termination prior to actual termination.

15. Further, employees covered by the SPA such as Bernard, are entitled to a public hearing before an impartial fact finder appointed by the Board to contest the reasons for termination, including the right to representation by counsel, pretrial discovery, the ability to call and confront witnesses, and similar fundamental due processes, after written notice of an agency's decision to terminate employment.

16. After termination, covered employees such as Bernard, have the right to district court review of the final decision of the Board concerning his or her termination as allowed by the SPA.

17. On June 10, 2011, approximately one month after settling and dismissing his district court action charging retaliation and discrimination by PED, Bernard was notified by PED that it intended to separate him from his employment with PED pursuant to an agency wide reduction in force.

18. Even though Defendants knew that the Plaintiff was to be involuntarily terminated and that Plaintiff's rights to continued employment would be substantially affected by Board approval, neither PED nor the SPO nor the individual Defendants Skandera and Moser provided notice to Plaintiff, that a reduction in force plan had been submitted to the Board for approval. As such, Plaintiff was not afforded an opportunity to contest Defendants' reduction in force plan, and more specifically were not afforded an opportunity to respond to the proposed termination, prior to decision by the Board.

19. Thereafter, on July 1, 2011, Defendants PED and its Secretary, Defendant Skandera, and SPO and its Director Moser, acting in concert with one another pursuant to a common plan and common intent, terminated Raymond pursuant to the announced reduction in

force.

20. Bernard objected to his proposed removal and advised PED that he considered the action to be in retaliation for his prior complaint activity.

21. Because Plaintiff had been employed by PED for a period of more than one year, plaintiff's employment could be terminated only for just cause, or as otherwise allowed by the aforesaid SPA. Plaintiff had a reasonable expectation of continued employment, and possessed a recognized property and liberty interest in said employment, which could be taken by the Defendants only upon due process of law.

22. On July 29, 2011, Bernard requested that Defendant Moser provide him with an appeal hearing as provided by the SPA to contest his termination. Defendant Moser failed to respond to Plaintiff's request or otherwise provide the requested hearing.

23. On July 29, 2011, Moser knew or should have known that Bernard was entitled to pre- and post-termination process where a separation from employment was proposed pursuant to a reduction in force conducted under the State Personnel Act based upon an Order previously entered by the United States District Court for New Mexico in which the State Personnel Office was a named party.

24. As a direct and proximate result of Defendant actions, Plaintiff has suffered past, present, and future loss of pay and benefits, damage to reputation and career, and continued stress and embarrassment, all for which Plaintiffs should be compensated.

25. Plaintiff has further been required to retain counsel to secure his rights under law and incurred costs, other expense and attorney's fees for which he should be reimbursed pursuant to the provisions of and as allowed by the HRA, the WBPA, and 42 USC §1988.

## COUNT I
## VIOLATIONS OF HUMAN RIGHTS ACT
### (NOTICE OF APPEAL)

26. Plaintiff realleges and incorporates by references all of the allegations contained in Paragraphs 1 through 25 of his complaint and further alleges as to Defendant PED:

27. On September 21, 2011, Plaintiff filed a timely written complaint, a copy of which is attached and incorporated herein, with the New Mexico Human Rights Division alleging that Defendant PED committed one or more unlawful, discriminatory practices within the State of New Mexico as defined by NMSA §28-1-7. (See Exhibit 1, attached hereto, EEOC Charge No. 39B-2011-02758.) Plaintiff amended the September 21, 2011, charge on January 12, 2012, to allege continuing discrimination and retaliation occurring after the filing of his initial charge.

28. On or about September 10, 2012, Plaintiff received a Determination of No Probable Cause dated September 7, 2012, from the New Mexico Human Rights Division as allowed by NMSA §28-1-10(B). Plaintiff has therefore exhausted his administrative remedies under the HRA.

29. The aforesaid Determination of No Probable Cause was received by Plaintiff within ninety days of this Notice of Appeal. This filing is therefore timely under the HRA.

30. The unlawful employment practices alleged herein were committed in Santa Fe County, New Mexico and arise from Plaintiffs' employment with Defendant PED, thereby conferring jurisdiction and venue over the parties and subject matter hereto in this Court.

31. By making and litigating his charge of retaliation and discrimination and thereafter filing a lawsuit to enforce his rights under the HRA, Bernard opposed an unlawful discriminatory act and filed a complaint and participated in proceedings under the HRA.

32. Defendant PED retaliated against Plaintiff contrary to NMSA §28-1-7(I) by

7

changing the terms and conditions of his employment and terminating his employment on July 1, 2011, because of his opposition to the unlawful discriminatory practices of Defendant PED and because he participated in proceedings under the HRA.

WHEREFORE, Plaintiff prays:

a). That the Court order Defendant to pay Plaintiff for his lost wages and for actual damages in an amount to be proven at trial to compensate for injuries suffered by Plaintiff as a result of Defendant's intentional retaliation against him.

b). That the Court declare illegal Defendant's actions in retaliating against Plaintiff and enjoin Defendant, its officers, agents, employees, and others acting with it from continuing to retaliate against Plaintiff.

c). The Court award Plaintiff his attorney fees and costs herein.

d). For such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II
## WHISTLE BLOWER PROTECTION ACT

33. Plaintiff realleges and incorporates by references all of the allegations contained in Paragraphs 1 through 32 of his complaint and further alleges as to Defendant PED:

34. Bernard communicated to Defendant PED and the state district court information about an action or a failure to act by PED that he believed in good faith constituted an unlawful or improper act; provided information to, and testified before a public body as part of an investigation, hearing or inquiry into that unlawful or improper act; and objected to and refused to participate in an activity, policy or practice by PED that constituted an unlawful or improper act.

8

35. Defendant PED retaliated against Bernard because of his actions opposing PED's unlawful or improper acts by changing the terms and conditions of Plaintiff's employment with Defendant and by terminating Plaintiff on July 1, 2011, all contrary to the prohibitions contained within the WBPA.

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant and in favor of Plaintiff as follows:

a) Award Plaintiff his actual and special damages;

b) Award Plaintiff two times his lost wages with pre-judgment interest on his lost wages;

c) Reinstate Plaintiff to his employment with the same seniority status that he would have had but for Defendant's unlawful actions;

d) Reimburse Plaintiff for his litigation expense and reasonable attorney's fees incurred herein.

## COUNT III
## BREACH OF EMPLOYMENT CONTRACT

36. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 35 inclusive, of his Complaint. As to Defendants PED and SPO, Plaintiff further alleges:

37. The State Personnel Act and Regulations promulgated pursuant thereto constitute a valid written contract of employment enforceable by Plaintiff against these Defendants.

38. Defendants PED and SPO breached their contract with Plaintiff beginning in June 2011 by initiating a reduction in force in violation of the procedural rights attaching to employees

9

affected by a reduction in force as enumerated by the contract;

39. By failing to provide pre-termination notice and opportunity to respond and post-termination appeal processes by which Plaintiff could contest the basis for termination; and,

40. By retaliating against Plaintiff for prior complaints and protected actions;

41. As a direct and proximate result of the Defendants breach of the employment contract with Plaintiff, Plaintiff has suffered past, present, and future loss of pay and benefits, damage to reputation and career, humiliation, and continued stress and embarrassment, all for which Plaintiff should be compensated.

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendants PED and SPO for compensatory damages in an amount to be proved at trial, that the Court enjoin these Defendants from continuing to breach the contract of employment with Plaintiff and that the Court award Plaintiff his costs, and for such other and additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### DEPRIVATION OF PROPERTY AND LIBERTY RIGHTS WITHOUT DUE PROCESS OF LAW CONTRARY TO SECTIONS 1983 AND 1985

42. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 - 41 of his Complaint. As to Defendants Skandera and Moser acting in their individual capacities, Plaintiff further alleges:

43. At all times material hereto, Defendants Skandera and Moser engaged in state action within the meaning of the 14th Amendment to the United States Constitution and acted under color of New Mexico state law, policy or custom within the meaning of 42 U.S.C. §1983 with the intent to deprive Plaintiff of federally protected rights without due process of law.

10

44. Further, Defendants Skandera and Moser conspired together, as contemplated by 42 U.S.C. §1985, to deprive Plaintiff of said federally protected rights.

45. Plaintiff had clearly established rights under the State Personnel Act and the common law to continuing employment by the State of New Mexico absent just and legal cause for termination, and further had clearly established rights to contest his termination through pre and post termination proceedings, public hearing and district court review.

46. Defendants Skandera and Moser intentionally and deliberately deprived Plaintiff of his property and liberty interests in continuing employment when Defendants terminated Plaintiff on July 1, 2011, without prior notice and without an opportunity to respond before and after his termination.

47. The actions of the individual Defendants caused Plaintiff to be deprived of property and liberty without due process of law contrary to 42 U.S.C. §1983.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants Skandera and Moser, jointly and severally, and to award Plaintiff damages in an amount sufficient to compensate him for his losses, for his costs and attorney's fees herein, and for such further and additional relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

LAW OFFICES OF E. JUSTIN PENNINGTON

*/s/ E. Justin Pennington*
E. Justin Pennington
Attorney for Plaintiff
2014 Central Avenue SW
Albuquerque NM 87104
Telephone: (505) 842-9164

11

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974;<br>See Privacy Act Statement before completing this form. | AGENCY<br>☒ FEPA<br>☒ EEOC | CHARGE NUMBER<br>39B-2011-02758<br>11-09-21-0381 |
|---|---|---|

NEW MEXICO DEPARTMENT OF LABOR, HUMAN RIGHTS DIVISION AND EEOC
STATE OR LOCAL AGENCY, IF ANY

| NAME (INDICATE MR., MRS., MS.)<br>Bernard F. Raymond | HOME TELEPHONE (INCLUDING AREA CODE)<br>(505) 401-1839 |
|---|---|
| STREET ADDRESS<br>5715 La Colonia NW, | CITY, STATE, AND ZIP CODE<br>Albuquerque, NM 87120 | DATE OF BIRTH<br>2/23/62 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below.)

| NAME<br>State of NM Public Education Dept. | NUMBER OF EMPLOYEES, MEMBERS<br>15+ | TELEPHONE (INCLUDING AREA CODE)<br>(505) 954-8511 827 5800 |
|---|---|---|
| STREET ADDRESS<br>300 Don Gaspar, | CITY, STATE, AND ZIP CODE<br>Santa Fe, NM 87501 | COUNTY<br>Santa Fe |
| NAME | | TELEPHONE (INCLUDING AREA CODE) |
| STREET ADDRESS | CITY, STATE, AND ZIP CODE | COUNTY |

Cause of discrimination based on (check appropriate box(es))
☐ Race ☐ Color ☐ Sex ☐ Religion
☒ Retaliation ☒ Age ☐ Disability ☐ National Origin
☐ Other (Specify)

Date discrimination took place
Earliest (adea/epa) latest (all)
7/1/11 – 7/1/11
☐ Continuing action

THE PARTICULARS ARE (IF ADDITIONAL SPACE IS NEEDED, ATTACH EXTRA SHEET(S)):

I. Statement of Harm: I was employed as an Administrative Operations Manager II for 7 years. I filed a prior EEOC during 2007; I agreed to a settlement with Respondent and signed an agreement sometime during May 2011. After settling I requested a copy of the RIF plan but I was refused. It is a requirement of the State's union contract to provide a plan if it is requested. I was placed on administrative leave on 6/13/11 until 6/30/11; and on 7/1/11, I was RIFed. All of the RIFed employees were over the age of 40 and many of them had complained of a protected activity as I had done. I believe I was treated disparately in retaliation for filing my EEOC complaint and my age, 49.

II. Respondent's Reason for Adverse Action: Allegedly I was part of the RIF.

III. Statement of Discrimination: I believe I have been discriminated against because of my age, 49 and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, the Age in Employment Act, as amended and the New Mexico Human Rights Act, as amended.

VH

I also want this charge filed with EEOC, I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty or perjury that the foregoing is true and correct.

9/20/11
Date  Charging party (signature)

EEOC TEST FORM 5 (09/01/91)

Notary – (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS (DAY, MONTH AND YEAR)

EXHIBIT 1

RECEIVED
SEP 21 2011
HUMAN RIGHTS BUREAU

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

BERNARD F. RAYMOND,

    Plaintiff,

vs.                        No. D-101-CV-2012-03417

NEW MEXICO PUBLIC EDUCATION
DEPARTMENT, and HANNA SKANDERA,
Individually and in her capacity as
Secretary-Designate, New Mexico STATE
PERSONNEL OFFICE, and EUGENE MOSER, as an
individual and in his official capacity as State Personnel
Office Director.

    Defendants.

## DESIGNATION OF TRANSCRIPT OF PROCEEDINGS

Plaintiff, by and through her undersigned counsel designates the following parts of the transcript of proceedings before the New Mexico Human Rights Commission for transmission to the district court pursuant to the provisions of NMSA §28-1-13(B):

    1.     None - no hearing occurred before the Commission.

Dated this 5th day of December.

                              Respectfully submitted,

                              LAW OFFICES OF E. JUSTIN PENNINGTON

                              *"Signed electronically by"*
                              E. Justin Pennington
                              Attorney for Plaintiff
                              2014 Central Avenue SW, Suite H
                              Albuquerque, New Mexico 87104
                              (505) 842-9164

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

BERNARD F. RAYMOND,

    Plaintiff,

vs.                     No. D-101-CV-2012-03417

NEW MEXICO PUBLIC EDUCATION
DEPARTMENT, and HANNA SKANDERA,
Individually and in her capacity as
Secretary-Designate, New Mexico STATE
PERSONNEL OFFICE, and EUGENE MOSER, as an
individual and in his official capacity as State Personnel
Office Director.

    Defendants.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Notice of Appeal and Complaint for Violation of Civil Rights and a true and correct copy of the Plaintiff's Designation of Transcript of Proceedings along with a copy of this Certificate of Service were served by United States mail, certified, return receipt requested on the following:

1. Director
   New Mexico Human Rights Division
   1596 Pacheco Street
   Santa Fe, New Mexico 87505-3979

2. Honeywell International, Inc.
   9201 San Mateo NE,
   Albuquerque, New Mexico 87113

this 5th day of December 2012.

                Respectfully submitted,

                LAW OFFICES OF E. JUSTIN PENNINGTON

                *"Signed electronically by"*
                E. Justin Pennington
                Attorney for Plaintiff
                2014 Central Avenue SW, Suite H
                Albuquerque, New Mexico 87104
                (505) 842-9164

I hereby certify that a true and correct of the
Certificate of Service was served United States mail,
certified, return receipt requested:

Director
New Mexico Human Rights Division
1596 Pacheco Street
Santa Fe, New Mexico 87505-3979

Honeywell International Inc.
9201 San Mateo NE
Albuquerque, New Mexic0 87113

this 5th day of December 2012.

*"Signed electronically by"*
E. Justin Pennington