IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BERNARD F. RAYMOND,**

    **Plaintiff,**

    vs.                                                                                              Civ. No. 13-0010 JCH/SGY

**NEW MEXICO PUBLIC EDUCATION
DEPARTMENT, and HANNA SKANDERA,
individually and in her capacity as its
Secretary-Designate; and the NEW MEXICO
STATE PERSONNEL OFFICE, and EUGENE
MOSER, individually and in his official capacity
as State Personnel Office Director,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the *Stipulation of Dismissal of all Claims Against Defendants Skandera and Moser.* [Doc. 61] The Court granted dismissal on October 1, 2015. [Doc. 62] Only state law claims now remain in the case. Having reviewed the court file and relevant law, the Court concludes that it should decline to exercise supplemental jurisdiction over the state law claims and will remand the case to state court.

## BACKGROUND

The following statement of the facts is viewed in the light most favorable to Plaintiff.

Plaintiff was a classified employee of the State of New Mexico, continuously employed by the New Mexico Public Education Department ("PED") for at least five years prior to July 1, 2011. While employed by PED as Human Resources Manager, Plaintiff's job was to address employee complaints of discrimination and retaliation. Following one such investigation,

Plaintiff was removed from his position as Human Resources Manager.  Plaintiff then filed suit against PED in 2009, claiming retaliation and discrimination; the case was settled in April or May of 2011 on grounds favorable to Plaintiff.

Plaintiff continued to work for PED; in 2011 he was an Administrative Operations Manager II in the Office of Inspector General.  Plaintiff admits in his Complaint that he was notified on June 10, 2011, that he would be laid off pursuant to an agency-wide "reduction in force" ("RIF").  After being laid off on July 1, 2011, Plaintiff was hired as Human Resources Manager for the State Treasurer's Office effective August 15, 2011.

On December 4, 2012, Plaintiff filed in state district court his "Notice of Appeal and Complaint for Retaliatory Discharge, Breach of Employment Contract and Deprivation of Civil Rights" ("Complaint").  [Doc. 1-1]  The Complaint includes four claims:  Count I—Violations of New Mexico Human Rights Act, NMSA 1978, §§ 28-1-1 to -15 (2007); Count II—Whistleblower Protection Act, NMSA 1978, §§ 10-16C-1 to -6 (2010); Count III—Breach of employment contract; and Count IV—Deprivation of property and liberty rights without due process under § 1983, and conspiracy under § 1985.  [Doc. 1-1]  On January 7, 2013, Defendants filed a Notice of Removal to this Court, stating that this Court has jurisdiction under 28 U.S.C. § 1331.  [Doc. 1]

Defendants Skandera and Moser filed a motion for partial summary judgment on Count IV, claiming qualified immunity on the § 1983 claim.  [Doc. 25]  On December 15, 2014, the Court entered a Memorandum Opinion and Order granting the motion.  [Doc. 35]

On January 5, 2015, the Court entered an amended scheduling order, setting July 6 as the discovery deadline, August 3 as the dispositive motions deadline, and October 2, 2015, as the deadline for a proposed pretrial order.  [Doc. 38]  After a June 25 status conference, Defendants

filed an unopposed motion to extend the deadline for dispositive motions by fourteen days, to August 17, 2015.  [Doc. 56]  On July 23, 2015, the Court granted the extension.

On August 17, 2015, Defendants filed *Defendants' Motion and Memorandum in Support of Motion for Summary Judgment*, requesting summary judgment on all of the claims remaining in the case ("MSJ").  [Doc. 59]  The *Stipulation of Dismissal of all Claims Against Defendants Skandera and Moser* was filed on September 24, 2015.  [Doc. 61]  The Court granted the stipulated dismissal on October 1, 2015.  [Doc. 62]

The call of the calendar is set for February 11, 2016, and a bench trial is set for February 22, 2016.  [Doc. 47]

## LEGAL STANDARDS

This Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  The Court "may decline to exercise supplemental jurisdiction over a claim" under § 1367(a) if the Court "has dismissed all claims over which it has original jurisdiction."  § 1367(c)(3).

"'When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.'" *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998)).  The Supreme Court recognizes that remand is ordinarily recommended:

> It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.  Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.  Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-

>footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (footnote omitted). The Supreme Court explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

The Court has discretion to decide sua sponte whether to exercise supplemental jurisdiction over remaining state law claims. *See Ames v. Miller*, 247 Fed. Appx. 131, 133-35 (10th Cir. 2007) (unpublished) (affirming court's sua sponte decisions to dismiss and to decline supplemental jurisdiction over state law claims); *Porter v. Williams*, 436 F.3d 917, 920 (8th Cir. 2006) (stating that court could decide sua sponte whether to exercise supplemental jurisdiction); *Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.*, 596 F.3d 1313, 1327-28 (11th Cir. 2010) (affirming sua sponte dismissal of state law claims after dismissal of all federal claims).

### **DISCUSSION**

After the Memorandum Opinion and Order filed December 15, 2014, the claims remaining in the case are:

>Count I—Violations of New Mexico Human Rights Act, against Defendant PED;
>
>Count II—Whistleblower Protection Act, against Defendant PED;
>
>Count III—Breach of employment contract, against Defendants PED and the State Personnel Office ("SPO"); and
>
>Count IV—Conspiracy under § 1985, against Defendants Skandera and Moser.

[Doc. 1-1]  The August 17, 2015 motion requests summary judgment on all remaining claims. No response has been filed and no extension has been requested.  A response is now several weeks overdue.

On September 24, 2015 the parties stipulated to dismissal, with prejudice, of all remaining claims against Skandera and Moser "and all claims and causes of action … which could have been made against these Individual Defendants in the Complaint."  [Doc. 61, p. 1]  Count IV was asserted against "Defendants Skandera and Moser acting in their individual capacities."  [Doc. 1-1, p. 10, ¶ 42]  Pursuant to this stipulation, the dismissal of claims against Skandera and Moser on October 1, 2015, removed the last federal claim in the case.

This case concerns a RIF and elimination of a state bureau, the State Personnel Act and State Personnel Office rules governing the rights of employees under a RIF, and a particular set of circumstances in which the employee was rehired but in a different position.  Details of state law, the interaction of state departments and rules, and the relationship between an employee and state agencies are involved in the claims and proceedings.  The Court concludes that the state courts are in a better position to develop, interpret, and apply the appropriate state law.  In particular, caselaw for the Whistleblower Protection Act has not yet been well developed, and the MSJ identifies at least one relevant issue as one not yet addressed by the state courts.

Having considered the balance of factors—judicial economy, convenience, fairness, and comity—the Court concludes that this case "properly belongs in state court."  *Carnegie-Mellon Univ.*, 484 U.S. at 350.  The Court will therefore remand the remaining state law claims to state court.

**CONCLUSION**

The only remaining claim under Count IV is the § 1985 conspiracy claim against Defendants Skandera and Moser. Pursuant to the stipulated dismissal of all claims against Skandera and Moser [Docs. 61, 62], the Court dismisses Count IV.

The only claims remaining in the case are state law claims. The Court declines supplemental jurisdiction, and remands the state law claims to the First Judicial District, County of Santa Fe, State of New Mexico.

**IT IS THEREFORE ORDERED THAT:**

(1)  The Court **DISMISSES** Count IV; and

(2)  The Court **REMANDS** the remaining claims under Counts I, II, and III to the First Judicial District, County of Santa Fe, State of New Mexico.

_____
**UNITED STATES DISTRICT JUDGE**